

FILED

JUN 0 8 2006

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| LEASCO, INC., | No. 2:03-bk-21422-JMM |
| Debtor. | Adversary No. 2:06-ap-00121-JMM |
| LOUIS A. MOVITZ, TRUSTEE, | |
| Plaintiff, | **MEMORANDUM DECISION RE: MOTION** |
| vs. | **FOR SUMMARY JUDGMENT** |
| WILFREDO NOVOA, | (Opinion to Post) |
| Defendant. | |

On March 4, 2006, Trustee Louis Movitz filed a Motion for Summary Judgment. A hearing was held on May 10, 2006. Trustee was represented by Terry Dake and Mansfield Collins appeared on behalf of Defendant Wilfredo Novoa. After considering the entire record in this adversary proceeding, the law, and arguments of counsel, the court now rules.

### PROCEDURE

Pursuant to FED. R. CIV. P. 56, made applicable to bankruptcy proceedings by FED. R. BANKR. P. 7056, a party must, in order to prevail on summary judgment, demonstrate that there are no genuine issues of material fact which are in dispute. If there are, then a trial is required to hear such disputed issues, and to determine which version of the story is more likely than not to be the truth.

## UNDISPUTED FACTS

The parties have filed pleadings setting forth what occurred in this case, and the following facts appear to be undisputed. Even if there is some area of disagreement, the court views those facts in a light most favorable to the non-moving party, the Defendant Wilfredo Novoa ("Novoa"). Accordingly, the court finds the undisputed facts to be:

1. Louis Movitz ("Trustee") is the duly appointed trustee of the bankruptcy estate of Leasco, Inc.
2. Novoa was hired by Leasco after Leasco filed for chapter 11 bankruptcy.
3. After the filing of the bankruptcy case, but before the conversion to chapter 7, Leasco paid to Novoa $32,283.64 for his services.

## ISSUE

Whether the monies paid to Novoa by Leasco, post-petition, for services performed by Novoa, were unauthorized § 549 post-petition transfers, requiring court approval of a professional under § 327(a), so that the monies should be disgorged?

## DISCUSSION

Section 327(a) requires that the court approve the employment of all professionals. Trustee alleges that Novoa was an accountant, hired post-petition, to provide accounting services to Leasco, including the preparation of Leasco's interim monthly financial reports. Novoa argues that he was hired as a bookkeeper, not as an accountant.

Courts have generally limited the scope of the undefined phrase "other professional persons" to persons whose occupations play a fundamental or essential role in the administration of the

2

debtor's estate. See *In re Interstate Restaurant Sys., Inc.*, 61 B.R. 945, 949 (S.D. Fla. 1986); *United States Trustee v. McQuaide (In re CNH, Inc.)*, 304 B.R. 177, 181 (Bankr. M.D. Pa. 2004); *In re Napoleon*, 233 B.R. 910 (Bankr. D.N.J. 1999); *In re Bicoastal Corp.*, 149 B.R. 216 (Bankr. M.D. Fla 1993); *In re Lowry Graphics, Inc.*, 86 B.R. 74 (Bankr. S.D. Tex. 1988); *In re Seatrain Lines, Inc.*, 4 C.B.C.2d 1558, 13 B.R. 980 (Bankr. S.D.N.Y. 1981).

For purposes of interpreting § 327, the term "professional persons," is a "term of art reserved for those persons who play an intimate role in the reorganization of debtor's estate." *In re Johns-Mansville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986). See also *Matter of D'Lites of America, Inc.*, 108 B.R. 352 (Bankr. N.D. Ga. 1989) (under § 327(a), a "professional person is one who takes a central role in the administration of the bankruptcy estate and in the bankruptcy proceedings"). A person's status as a "professional" is not determinative; the inquiry focuses on that person's duties. "If the duties involved are central to the administration of the estate, such duties are professional in nature." *In re Sieling Associates, Ltd. Partnership*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991).

Courts have recognized various duties to be central to the administration of the estate, including assisting in the negotiation of debtor's plan, assisting in the adjustment of the debtor/creditor relationship, disposing of the assets of the estate and acquiring assets on behalf of the estate. *Id.* at 723; *Johns-Mansville*, 60 B.R. at 621. While accountants are commonly considered professionals, it is their role in the bankruptcy, rather than their status as accountants, which controls.

While Novoa admits that he is a general accountant, this court must look to the duties he performed for Leasco in determining whether Novoa was employed as a "professional." Novoa claims he was given the following responsibilities when he was hired: (1) billing; (2) data entry; (3) writing checks to pay the bills authorized by Piskulich; (4) reconcile bank account; (5) make bank deposits of checks received at office; (6) filing of documents; (7) answer telephone when needed; (8) prepare the monthly operating report; (9) assist in the production of documents; (10) prepare any schedule that Leasco attorneys required; (11) assist in the collection of money owed to Leasco; and (12) work on any project as needed or instructed. However, Trustee asserts that Novoa was hired by

3

Leasco to do its post-petition accounting work, including trying to "conform to the Court's ruling," and providing litigation support and services. Trustee claims that the services Novoa was retained to perform were the critical financial accounting functions upon which the decisions of this court and the parties would be based throughout this case.

The moving party has the burden to prove that there are no genuine issues of material fact. However, Trustee submitted no affidavit to prove his allegations that Novoa was employed as an accountant requiring court approval prior to payment. Trustee relies on a transcript of Novoa's deposition, in which Novoa states he was hired as an accountant to provide accounting services to Leasco, including the preparation of the debtor's interim monthly financial reports. Yet the law clearly states that while accountants are commonly considered professionals, it is their role in the bankruptcy, rather than their status as accountants, which controls. Novoa submitted affidavits from himself and Ivania Piskulich stating he was hired to essentially perform routine bookkeeping tasks for Leasco.

Based on the affidavits presented by Novoa and the assertions made by Trustee, combined with the law, there clearly exist genuine issues of material fact as to the duties of Novoa and whether his duties rise to the level of a professional.

## **CONCLUSION**

Because Trustee was unable to prove that there are no genuine issues of material fact, this court must deny Trustee's Motion for Summary Judgment. There was no cross-motion for summary judgment filed by Novoa. This matter will therefore be set for trial. A separate order will be entered. *Bankr. R. 9021.*

DATED: JUNE 7, 2006

/s/ James M. Marlar
JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES served as indicated below this 8 day of June, 2006, upon:

Mansfield Collins
3055 Wilshire Blvd., #600
Los Angeles, CA 90010
Email: lawmanmcmc@aol.com
Attorneys for Wilfredo Novoa

Terry A. Dake
11811 North Tatum Blvd., #3031
Phoenix, AZ 85028
Email: tdake@cox.net
Attorneys for Trustee

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
U.S. Mail

By /s/ MB Thompson
Judicial Assistant